FILED

MAR 1 7 2015

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY JOSEPH ISNER, a/k/a "MONTGOMERY JOE CARTER,"<br><br>Defendant. | Criminal No.  3:15CR12<br><br>Violations:  18 U.S.C. § 982(a)(2)(A)<br>18 U.S.C. § 982(b)(1)<br>18 U.S.C. § 1014<br>18 U.S.C. § 1344<br>21 U.S.C. § 853(p)(1) |

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

(Bank Fraud)

1.    From on or about March 2, 2009, and ending on or about March 26, 2009, defendant **MONTGOMERY JOSEPH ISNER, a/k/a "MONTGOMERY JOE CARTER"** devised a scheme and artifice to defraud Branch, Banking, and Trust ("BB&T"), an insured depository institution as defined in section 3(c)(2) of the Federal Deposit Insurance Act, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of BB&T by means of a materially false and fraudulent representation.

2.    It was part of the scheme and artifice that the defendant represent to BB&T that he was presently an owner of property, to wit:  1537 Gerrardstown Road, Gerrardstown, Berkeley County, West Virginia ("1537 Gerrardstown Road"), which he pledged as collateral for a loan from BB&T in the amount of $60,000.00.

1

3.     On or about March 2, 2009, at or near Charles Town, Jefferson County, West Virginia, defendant **MONTGOMERY JOSEPH ISNER, a/k/a "MONTGOMERY JOE CARTER"** completed an application for a loan from BB&T.  In the application, the defendant represented that his assets included $478,000.00 in real estate.  In an accompanying financial statement, the defendant represented that this $478,000.00 in real estate included $270,000.00 for 1537 Gerrardstown Road.

4.     On or about March 20, 2009, at or near Charles Town, Jefferson County, West Virginia, within the Northern District of West Virginia, defendant **MONTGOMERY JOSEPH ISNER, a/k/a "MONTGOMERY JOE CARTER"** executed an Owner's Agreement in which he represented that he was an owner of 1537 Gerrardstown Road.

5.     On or about March 26, 2009, at or near Charles Town, Jefferson County, West Virginia, within the Northern District of West Virginia, defendant **MONTGOMERY JOSEPH ISNER, a/k/a "MONTGOMERY JOE CARTER"** caused BB&T to disburse the proceeds of the $60,000.00 loan based in part on the previous misrepresentations that he owned 1537 Gerrardstown Road, which had been pledged as collateral for the loan.

All in violation of Title 18, United States Code, Section 1344.

COUNT 2

(False Statement on Loan Application)

On or about March 2, 2009, at or near Charles Town, Jefferson County, West Virginia, within the Northern District of West Virginia, defendant **MONTGOMERY JOSEPH ISNER, a/k/a "MONTGOMERY JOE CARTER"** knowingly made a material false statement for the purpose of influencing the action of Branch, Banking, and Trust, an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, in connection with a loan in that the defendant represented that he was presently an owner of 1537 Gerrardstown Road, Gerrardstown, Berkeley County, West Virginia ("1537 Gerrardstown Road"), when in truth and in fact, as the defendant well knew, he was not presently an owner of 1537 Gerrardstown Road, in violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

### *Bank Fraud*

1.      Pursuant to Title 18, United States Code, Section 982(a)(2)(A), the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of a violation of Title 18, United States Code, Section 1344, or a conspiracy to violate such offense, including a money judgment in the amount of at least $57,285.78.

2.      Pursuant to Title 18, United States Code, Section 982(b)(1), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/ _____
Foreperson
(Signature on File)

/s/ _____
William J. Ihlenfeld, II
United States Attorney

Jarod J. Douglas
Assistant United States Attorney

4