# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MONTGOMERY JOSEPH ISNER,**

    Petitioner,

v.                               **CIVIL ACTION NO.: 3:16-CV-139**
                                  **CRIMINAL ACTION NO.: 3:15-CR-12**
                                  **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble. ECF No. 89 in 3:15-CR-12. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). On June 15, 2017, Magistrate Judge Trumble filed an R&R in which he recommended that this Court deny and dismiss with prejudice the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 89 in 3:15-CR-12.

### I. Background

On March 15, 2015, a two-count indictment charged Petitioner with bank fraud and making false statements on a loan application in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 1014. ECF No. 1 in 3:15-CR-12. On June 4, 2015, the Petitioner signed a written plea agreement, pleading guilty to Count Two which charged him with making a

1

false statement on a loan application. ECF No. 33 in 3:15-CR-12.

On the same day, Petitioner appeared before the magistrate court for a change of plea hearing. Petitioner testified that he was 47 years old and that he had attended college. ECF No. 56 at 4:19-22 in 3:15-CR-12. Then, the magistrate court engaged in the following colloquy with Petitioner:

> THE COURT: Mr. Isner, a couple of questions about your representation. Do you believe you have had adequate time to discuss your case fully with [your counsel] Mr. Compton?
>
> THE DEFENDANT: I do.
>
> THE COURT: Has he been able to answer your questions about how best to proceed in this case?
>
> THE DEFENDANT: He has.
>
> THE COURT: Is there anything your lawyer has not done which you have asked him to do?
>
> THE DEFENDANT: Not that I can think of.
>
> THE COURT: Are you completely satisfied with the legal advice that you have received from Mr. Compton?
>
> THE DEFENDANT: Yes.

ECF No. 56 at 7:10-22 in 3:15-CR-12. The magistrate court then reviewed the plea agreement with Petitioner to ensure that he understood and agreed with the terms therein. Id. at 22:10-14. Thereafter, counsel for the Government presented testimony of FBI Special Agent David Rauser to establish the factual basis for the plea. Id. at 24-30. Following direct examination of the Agent Rauser, the Court afforded Petitioner's counsel

and Petitioner himself the opportunity to question the witness.  Petitioner did not contest the factual basis for the plea, and both he and his counsel declined to question the witness. Id. at 30:10-22.  The magistrate court next asked Petitioner what he did to make himself guilty of Count Two, to which the Petitioner responded that he lied on his loan application, claiming that he was the owner of property that he did not in fact own. Id. at 31:3-23.  Finally, the magistrate court reviewed the rights that the Petitioner would waive by entering the plea, including the waiver of appellate and post-conviction relief rights, and found that the Petitioner understood the consequences of his plea. Id. at 37:15-38:18.

On October 10, 2015, Petitioner appeared before this Court for a sentencing hearing.  ECF No. 42 in 3:15-CR-12.  This Court found a base offense level of 11.  ECF No. 47 in 3:15-CR-12.  With a criminal history category of V, the Guidelines provided a sentencing range of 24 to 30 months of imprisonment. Id.  This Court sentenced Petitioner to 30 months of imprisonment to be followed by five years of supervised release.  ECF No. 46 in 3:15-CR-12.

Petitioner filed a direct appeal in the Fourth Circuit, which was denied on March 31, 2016, in an unpublished opinion which affirmed Petitioner's conviction and sentence.  ECF No. 61 in 3:15-CR-12.  In explaining its holding, the Court stated, "Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, raising no meritorious issues, but questioning whether the sentence is substantively reasonable . . . Isner did not file a pro se brief despite notice of his right to do so.  Finding no error, we affirm." Id.

On October 3, 2016, Petitioner filed a § 2255 motion to vacate, set aside or correct his sentence alleging both prosecutorial misconduct and ineffective assistance of

3

counsel.  ECF No. 66 in 3:15-CR-12.  Upon review, the magistrate court issued an R&R recommending that the Court deny and dismiss the § 2255 motion with prejudice.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).  Failure to file timely objections also constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen days after Petitioner was served, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Petitioner was served with the R&R on June 19, 2017.  Petitioner filed his objections on July 4, 2017.  Accordingly, although submitted one day late, this Court will undertake a *de novo* review of those portions of Magistrate Judge Trumble's findings to which objection is made.  Although many of Petitioner's objections do not direct this Court to any specific error by the magistrate court, because

4

the Petitioner is proceeding *pro se*, the Court has afforded his filings liberal construction and will hold them to less stringent standards than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). This Court will review the remainder of the R&R for clear error.

### III. Discussion

The Court will address each of the Petitioner's claims in turn.

#### A. Prosecutorial Misconduct

##### 1. Background

In Ground One, Petitioner alleges that "[t]he prosecutor suborned perjury . . ." and that "the witness['s] statement[s] are [a] product of lies" in violation of "due process." ECF No. 66 at 5 in 3:15-CR-12. In his objections Petitioner states that the Government's witness lied "to the FBI or whomever, the Grand Jury, to get the warrant." ECF No. 92 at 5 in 3:15-CR-12. Additionally, Petitioner cites several cases which relate to "perjury committed before the grand jury." Id. at 6. In Ground Two, Petitioner makes a similar argument stating that the "[p]rosecutor concealed significant [i]mpeaching knowledge, knowing that his only witness could be lying and his entire case would be in jeopardy because of the falsification of the loan officer." ECF No. 66 at 6.

Thus, Petitioner alleges that the Government either elicited false statements from its witness or that the Government knew its witness was lying and concealed that fact from the Petitioner.

##### 2. Applicable Law

Post-conviction challenges to grand jury proceedings are rarely successful. See Midland Asphalt Corp. v. United States, 489 U.S. 794 (1989). Specifically, the Supreme

5

Court held that "only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." Id. at 802.

In Bank of Nova Scotia v. United States, the Supreme Court reviewed a challenge to an indictment where Government witnesses allegedly "gave misleading and inaccurate summaries to the grand jury just prior to the indictment." Bank of Nova Scotia v. United States, 487 U.S. 250, 260 (1988). In determining whether those allegedly false statements would render the indictment invalid, the Court held that "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." Id. at 261. Expanding, the Court stated that "[a]lthough the Government may have had doubts about the accuracy of certain aspects of the summaries, this is quite different from having knowledge of falsity." Id. Thus, finding that "the record does not reveal any prosecutorial misconduct with respect to [those] summaries, they provide no ground for dismissing the indictment." Id. at 260. Moreover, the Court held that even if the record *did* reveal evidence of prosecutorial misconduct, "dismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." Id. at 256.

As it pertains to exculpatory evidence, the Court stated in a separate opinion that "it would run counter to the whole history of the grand jury institution to permit an indictment to be challenged on the ground that there was inadequate or incompetent evidence before the grand jury." United States v. Williams, 504 U.S. 36, 54 (1992). Continuing, the Court stated that "[i]t would make little sense, we think, to abstain from

6

reviewing the evidentiary support for the grand jury's judgment while scrutinizing the sufficiency of the prosecutor's presentation. A complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'" Id. Thus, the Court held that the Government has no duty to disclose "substantial exculpatory evidence" in its possession. Id. at 38.

### 3. Analysis

In Ground One, Petitioner alleges that the Government engaged in prosecutorial misconduct by suborning perjury in either the debriefing or the indictment. In Ground Two, Petitioner alleges that the Government withheld exculpatory evidence because the Government knew its witness was lying and did not disclose this information to the Petitioner. However, at his change of plea hearing, Petitioner testified under oath that the factual basis for his plea was accurate. Moreover, Petitioner does not allege any facts indicating that the Government knew that its witness was lying, or that it somehow encouraged her to lie. Specifically, Petitioner states that the Government's witness lied by testifying that he brought another person to the bank to obtain the loan with him, when in fact, he acted alone and forged the second signature on the documents. ECF No. 92 at 6-8 in 3:15-CR-12. He asks the Court to hire a handwriting expert who, he alleges, would testify that he signed both his own name and the name of Miriam M. Lawson on the loan application. Id. It is unclear how this information benefits Petitioner; however, in either case, he does not allege any facts or provide any evidence that the Government elicited this false testimony, or in fact knew that the testimony was false.

### 4. Conclusion

Accordingly, Ground Ones and Two, as they pertain to prosecutorial misconduct,

are without merit.

### A. Ineffective Assistance of Counsel

#### 1. Background

In addition to prosecutorial misconduct, Petitioner also alleges ineffective assistance of counsel in Ground One stating that "[c]ounsel failed to object to prosecutorial misconduct." ECF No. 66 in 3:15-CR-12. In Ground Two, Petitioner again references ineffective assistance of counsel, stating, "[M]y counsel didn't say or do nothing" in relation to the allegedly withheld impeachment evidence. Id. In Ground Three, Petitioner alleges that his counsel was ineffective because counsel told him that he couldn't appeal "because [he] took a plea" and that, when counsel did file an appeal, he filed an Anders Brief conceding a lack of any meritorious claim. Id. Finally, in Ground Four, Petitioner alleges that his counsel was ineffective because he had an insufficient number of meetings and inadequate consultation with his attorney prior to entering his guilty plea. Importantly, Petitioner affirmed under oath that he was satisfied with his counsel at his change of plea hearing.

#### 2. Applicable Law

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim warrants reversal of a conviction. Strickland v. Washington, 466 U.S. 668 (1984). First, "the defendant must show that counsel's performance was deficient." Id. at 687. Second, he "must show that the deficient performance prejudiced the defense." Id. These two components are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, a defendant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. However, a court does not "grade" the lawyer's performance and will evaluate "only whether his conduct was reasonable under prevailing professional norms, and in light of the circumstances." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). In general, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In particular, when counsel's decisions involve trial strategy and tactics, the reviewing court should presume that "counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 562 U.S. 86, 109 (2011) (citing Yarborough v. Gentry, 540 U.S. 1, 8 (2003)).

To satisfy the prejudice prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Thus, "[a]n error by counsel . . . does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. When, like here, a defendant alleges ineffective assistance of counsel after pleading guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Finally, in evaluating a post-guilty plea appeal which alleges ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are determinative, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

9

### 3. Analysis

In **Ground One**, Petitioner alleges that his counsel was ineffective because he failed to object perjury on behalf of the Government's witness. However, as discussed in more depth in the magistrate court's R&R, assuming the Government's witness did commit perjury, Petitioner alleges no facts that indicate counsel knew that the Government's witness was perjuring herself. Moreover, even if counsel knew the witness was perjuring herself, Petitioner does not explain why his counsel's actions in response to that knowledge were ineffective. Perhaps most importantly, Petitioner affirmed under oath that he was satisfied with his counsel's performance. Thus, with no clear and convincing evidence to the contrary, this Court finds that Petitioner's argument in Ground One is without merit.

In **Ground Two**, Petitioner alleges that his counsel was ineffective because he failed to object to the Government's concealment of exculpatory evidence. Again, assuming exculpatory evidence was withheld, Petitioner alleges no facts that indicate counsel knew the Government was withholding exculpatory evidence. Additionally, even if counsel knew that the Government was withholding exculpatory evidence, Petitioner does not explain how counsel's actions in response to that knowledge were ineffective. Finally, Petitioner affirmed under oath that he was satisfied with his counsel's performance. Thus, without clear and convincing evidence to the contrary, this Court finds that Petitioner's argument in Ground Two is without merit.

In **Ground Three**, Petitioner alleges that his counsel was ineffective because counsel did not successfully appeal his case and filed an <u>Anders</u> brief stating there were no meritorious grounds for relief. As discussed more fully in the magistrate court's R&R,

Petitioner knowingly, intelligently and validly waived his right to appeal his conviction. However, Petitioner maintained the right to appeal his sentence, and counsel did so in his Anders brief, questioning whether the sentence imposed was substantively reasonable. Thus, Petitioner fails to allege that his counsel was unreasonable in only appealing the sentence, as Petitioner waived his other appellate rights. Therefore, Petitioner does not demonstrate that his counsel failed to comport with the performance prong of Strickland. Moreover, Petitioner did not object to the magistrate court's findings on Ground Three. Accordingly, finding no clear error, this Court holds that Petitioner's allegation of ineffective assistance of counsel in Ground Three is without merit.

In Ground Four, Petitioner alleges his counsel was ineffective because he did not have sufficient opportunity to consult or communicate with his lawyer. Petitioner makes no objections to the R&R as it pertains to Ground Four. The magistrate judge evaluates Petitioner's claim and finds that counsel's performance falls within the wide range of reasonable under Strickland. The magistrate judge emphasizes that Petitioner affirmed under oath that he had adequate time to discuss his case fully with his counsel. Ultimately, the R&R found that Petitioner's counsel acted reasonably under the circumstances. Accordingly, finding no clear error, this Court holds that the Petitioner's allegation of ineffective assistance of counsel in Ground Four is without merit.

### 4. Conclusion

Accordingly, the Court finds that Grounds One, Two, Three and Four, as they relate to ineffective assistance of counsel, are without merit.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate

judge's R&R should be, and is, hereby **ADOPTED** for the reasons articulated more fully in section III of this order. The Petitioner's Objections are **OVERRULED**. It is further ordered that, under 3:15-CR-12, Petitioner's Motions to Vacate Conviction and Sentence [ECF No. 66 and 85], Motion to Compel [ECF No. 88] and Motion to Recuse [ECF No. 91] are **DENIED AS MOOT**. Additionally, under 3:16-CV-139, Petitioner's motion to appoint counsel [ECF No. 10] is **DENIED AS MOOT**. Accordingly, the Petitioner's § 2255 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

It is so **ORDERED**.

**DATED**: September 21, 2017

*(signature)*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE